United States District Court
Southern District of Texas
**ENTERED**
February 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| KIRIAKOS PAPAKIRIAKOS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:24-CV-00125 |
| § | |
| SOUTH CORPUS, INC., *et al.*, § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE AS MODIFIED**

Pending before the Court are Defendants' Partial Motion to Dismiss for Failure to Exhaust Administrative Remedies (D.E. 15) and Plaintiff's Motion for Leave to Amend Complaint (DE. 17). On December 10, 2024, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (M&R, D.E. 21), recommending that Plaintiff's motion be granted and that Defendants' motion be denied as moot. Defendants timely filed their objections (D.E. 22) on December 16, 2024, and Plaintiff responded (D.E. 23).

Defendants object to the M&R only with respect to the continued viability of Plaintiff's claim for retaliation with respect to his employment termination. D.E. 22, p. 3. Defendants do not object to a claim for post-termination retaliation. *Id*. At issue is whether Plaintiff failed to exhaust his claim for retaliatory discharge by failing to check the "retaliation" box on the EEOC form.

Defendants agree with the M&R with respect to its recognition of the legal test for administrative exhaustion. "The scope of a Title VII lawsuit is limited to the allegations made in the charge and any claims that could reasonably be expected to grow out of it. *Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir.1993)." D.E. 22, p. 5; D.E. 21, p. 7 (citing *McClain v. Lufkin Indus.*, 519 F.3d 264, 273 (5th Cir. 2008)). Additionally, the EEOC claim is construed "in the broadest reasonable sense." *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 508 (5th Cir. 2024) (quoting *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 167 (5th Cir. 2018)). Courts "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021) (citations omitted).

What is reasonable in this regard depends on the allegations. For instance, a claim for disability discrimination and retaliation for making an EEOC claim is not construed to include a claim for racial discrimination. *Randel v. United States Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). Those claims are "separate and distinct." *Id*. So we review Plaintiff's EEOC charge to see if the claim for termination in retaliation for objecting to sexual conduct is "separate and distinct" from the claims of a supervisor's constant sexually hostile work environment during the entire employment relationship.

The Notice of Charge of Discrimination (D.E. 15-1, p. 1) shows that the only box checked is for discrimination based on "sex." In the Charge of Discrimination, for personal harm, Plaintiff stated, "I was repeatedly sexually assaulted and harassed based on sex,

male, by my boss." D.E. 15, p. 3.  In his attachment, he recounts an example of unwelcome sexual conduct, which he claims took place on multiple occasions and that he suffered a sexually hostile work environment throughout his employment. While he made the charge months after his termination, there is no reference to his termination or that he had complained to anyone at his workplace or to anyone else with authority to address the matter that the conduct was offensive prior to his termination.

The question is whether an EEOC investigation of Plaintiff's charge would naturally include learning that Plaintiff had objected to his boss's sexual conduct toward him and that Plaintiff was terminated for objecting or for failing to tolerate it.  The Magistrate Judge's analysis does not address this question, but focuses only on the boss's post-termination conduct (tampering with witnesses) and its retaliatory effect on persons who might bring a charge against him.  D.E. 21, pp. 9-11.  He concludes that the motion to dismiss this claim should be denied.  And Defendants do not object to that specific analysis.

Reviewing Plaintiff's charge broadly and anticipating the EEOC investigation that could reasonably be expected to address the charges, it is clear that the type of pre-charge retaliation claim that Plaintiff seeks to bring is a natural outgrowth. Two questions that would have to be asked in the investigation of the charge are (1) whether Plaintiff made it clear to his boss that the sexual conduct was unwelcome or nonconsensual, and (2) whether it was continuing or how the discriminatory conduct ended.  That is all it would take to raise the issue that Plaintiff was terminated in retaliation for objecting to the conduct. Therefore, this Court **HOLDS** that Plaintiff's EEOC charge was sufficient to exhaust a

claim for retaliatory discharge resulting from objecting to his supervising employer's sexual conduct. The Court **MODIFIES** the recommended disposition and **DENIES** Defendants' motion to dismiss (D.E. 15) on its merits, rather than as moot. The Court further declines to address any continuing opportunity to challenge the amended pleading.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Defendant's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Defendant's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge as **MODIFIED** herein. Accordingly, the Court

- **GRANTS** Plaintiff's motion for leave to amend his complaint (D.E. 17);
- **DIRECTS** the Clerk of Court to file Plaintiff's amended complaint (D.E. 17-1) on the docket as his operative pleading; and
- **DENIES** Defendants' construed motion for partial judgment on the pleadings (D.E. 15).

**ORDERED** on February 28, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE